UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN JACOBSEN, et al.,

            Plaintiffs,

      v.

MARK DRISCOLL, et al.,

            Defendants.

CASE NO. C16-0298JLR

ORDER ON DEFENDANTS'
MOTIONS TO DISMISS AND
FOR SANCTIONS

## I.   INTRODUCTION

Before the court are Defendants John Sutton Turner's and Mark Driscoll's (collectively, "Defendants") motions to dismiss for lack of service of process.  Mr. Turner moves the court to dismiss Plaintiffs Brian Jacobsen, Connie Jacobsen, Ryan Kildea, and Arica Kildea's (collectively, "Plaintiffs") claims for lack of service during the 90-day time limit imposed by Federal Rule of Civil Procedure 4(m).  (Turner Mot. (Dkt. # 4).)  Mr. Turner also seeks sanctions of dismissal with prejudice and attorneys' fees of $4,240.00 pursuant to the court's inherent authority.  (*Id.*)  Mr. Driscoll moves to

ORDER- 1

dismiss Plaintiffs' case without prejudice for lack of service during the time limit

imposed by Rule 4(m).  (Driscoll Mot. (Dkt. # 7).)  However, in the event the court grants

Mr. Turner's motion to sanction and dismisses Plaintiffs' claims with prejudice, Mr.

Driscoll seeks the same relief.  (*Id.*)  The court has reviewed the motions, Plaintiffs'

single response to both motions (Resp. (Dkt. # 8)), Mr. Turner's reply in support of his

motion to dismiss (Reply (Dkt. # 9)),[1] the relevant portions of the record, and the

applicable law.  Being fully advised,[2] the court GRANTS in part and DENIES in part the

motions.

## II.    BACKGROUND

**A.    Mars Hill Church**

According to Plaintiffs, Mars Hill Church ("MHC") was "a Seattle-based church

that had over 13,000 in average Sunday attendance at 15 locations in five states."

(Compl. (Dkt. # 1) ¶ 1.)  Mr. Driscoll was one of the church's founders and executive

elders.  (*Id.*)  Mr. Turner was MHC's "general manager from April 2011 through

November 2011, after which he became an executive elder."  (*Id.*)

Brian and Connie Jacobsen allege that they began attending MHC in 2008,

became church members in 2010, and resigned from the church in April 2014.  (*Id.* ¶ 7.)

According to Plaintiffs, Ryan Kildea attended MHC from 2001 to 2013, and Arica Kildea

---

[1] Mr. Driscoll did not file a reply in support of his motion to dismiss.  (*See generally* Dkt.)

[2] No party has requested oral argument, and the court finds that oral argument would not be helpful to the disposition of these motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

1   attended from 2003 to 2013.  (*Id.* ¶ 8.)  The Kildeas contend that they resigned from the

2   church in March 2014.  (*Id.*)  Plaintiffs allege that they left MHC upon discovering that

3   MHC had used their financial donations—collectively, more than $92,000.00—

4   improperly.  (*See, e.g.*, *id.* ¶¶ 3, 12, 16.)

5   **B.   Plaintiffs' Suit**

6          On February 29, 2016, Plaintiffs filed the instant suit in this court, alleging that

7   Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

8   18 U.S.C. § 1962 et seq., conspired to violate RICO, and committed common law fraud.

9   (*See* Compl. ¶¶ 67-90.)  Specifically, Plaintiffs allege that, beginning in 2011, Mr.

10  Driscoll, Mr. Turner, and other "co-conspirators engaged in a continuing pattern of

11  racketeering activity by soliciting, through the internet and the mail, contributions for

12  other, unauthorized purposes," which they contend "extended through a myriad of MHC

13  projects."  (*Id.* ¶ 2.)  Plaintiffs also allege that Mr. Driscoll, Mr. Turner, and other "co-

14  conspirators fraudulently utilized MHC donations and other MHC resources to promote

15  *Real Marriage*," a book Mr. Driscoll wrote, "with the goal of securing a place on the

16  New York Times bestseller list."  (*Id.* ¶ 3.)  Upon filing their suit, Rule 4(m) afforded

17  Plaintiffs until May 31, 2016, to serve the summons and a copy of the complaint on

18  Defendants.  *See* Fed. R. Civ. P. 4(m) (stating service of process must be effected within

19  90 days of filing suit); (Compl. (showing that complaint was filed on February 29,

20  2016)).

21  //

22  //

1    To date, Plaintiffs have not served Defendants with the summons and complaint.

2  (*See* Resp. at 2.)  Nevertheless, counsel for Mr. Turner appeared in this case on April 7,

3  2016.  (Not. of Appear. (Dkt. # 3).)

4  **C.    Mr. Turner's Motion**

5    On June 14, 2016, Mr. Turner moved to dismiss this case for lack of service of

6  process and for sanctions pursuant to the court's inherent authority in the form of

7  dismissal with prejudice and attorneys' fees of $4,240.00.  (Turner Mot. at 7-10.)  Mr.

8  Turner argues that the court should dismiss Plaintiffs' claims for failure to comply with

9  Rule 4(m)'s 90-day timeframe for service of process, and such dismissal is typically

10  without prejudice.  (*Id.* at 7.)  Mr. Turner further argues that the court should sanction

11  Plaintiffs and their attorney because Plaintiffs have acted in bad faith.  (*Id.* at 8-10.)  Mr.

12  Turner asserts that Plaintiffs and their counsel acted in bad faith in at least six ways[3]:  (1)

13  by filing RICO claims to disparage Mr. Turner and damage his reputation (*id.* at 9-10);

14  (2) by filing their claims against Mr. Turner to garner publicity and raise additional funds

15  for the case (*id.* at 9); (3) by filing claims that lack merit (*id.* at 3-6); (4) by filing the

16  lawsuit knowing that Plaintiffs could not afford to prosecute it and effect service of

17  process (*id.* at 4, 8); (5) by not responding to Mr. Turner's counsel's offer to waive

18  service (*id.* at 4); and (6) by failing to voluntarily dismiss the claims when Plaintiffs did

19  not serve Defendants within the 90-day period for service under Rule 4(m) (*id.*).

20

21  _____

22    [3] Although Mr. Turner's motion is not entirely clear as to all of the ways in which he
contends that Plaintiffs have acted in bad faith, the court has construed his motion broadly.

1

**D.    Mr. Driscoll's Motion**

2        Mr. Driscoll filed his motion to dismiss on June 16, 2016.  (*See* Driscoll Mot.)  He

3  argues for dismissal without prejudice pursuant to Rule 4(m) and the sanction of

4  dismissal with prejudice "if the [c]ourt decides to dismiss the civil RICO complaint

5  against Turner with prejudice."  (*Id.* at 3.)  He contends that the court "should do the

6  same for" Mr. Driscoll because "[t]he failure to prosecute applies to both parties."[4]  (*Id.*)

7

**E.    Plaintiffs' Response**

8        Plaintiffs agree that dismissal without prejudice for their failure to comply with

9  Rule 4(m)'s 90-day requirement is appropriate:  "Plaintiffs do not object to dismissal

10 without prejudice because they did not serve Defendants within the 90-day period

11 prescribed by Rule 4(m)."  (Resp. at 2.)  However, Plaintiffs oppose Defendants' request

12 that the court sanction them and their counsel because Plaintiffs argue they have not acted

13 in bad faith.  (*Id.*)  First, Plaintiffs dispute that their claims lack merit and that they filed

14 their suit for an "evil" or "sinister" purpose.  (*See, e.g.*, *id.* at 5 (asserting that Plaintiffs'

15 "only goal in the filing of the lawsuit against [Mr.] Driscoll and [Mr.] Turner was to hold

16 Defendants legally accountable for their wrongful actions which caused injury to them

17 and to the many others they defrauded").)  They also argue "that they did not fail to serve

18 _____

19        [4] Mr. Driscoll also mentions Federal Rule of Civil Procedure 41(b), which allows a court
   to dismiss a case with prejudice for failure to prosecute.  (*Id.* ("Unlike Fed. R. Civ. P. 4(m), Fed.
20 R. Civ. P. 41(b) may be utilized to dismiss a suit with prejudice, although it can be considered a
   harsh penalty."))  The court rejects this argument to the extent Mr. Driscoll makes it because it is
21 insufficiently presented to the court.  Mr. Driscoll makes no argument in favor of dismissing the
   case with prejudice under Rule 41(b) and cites only one case addressing dismissal under Rule
22 41(b), which Mr. Driscoll does not expound upon.  (*Id.*)

1  Defendants in bad faith"; rather, they "did not serve Defendants within the prescribed 90-

2  day period because the funds they had expected to raise to prosecute this matter did not

3  materialize." (*Id.* at 2.) In addition, Plaintiffs contend that their counsel did not respond

4  to Mr. Turner's offer to waive service because Plaintiffs' counsel thought it would breach

5  his clients' confidence to tell Mr. Turner's counsel that Plaintiffs lacked the funds to

6  further proceed with the lawsuit. (*Id.* at 4.) Finally, Plaintiffs state that they believed

7  they would raise sufficient funds before the 90-day period ended. (*Id.*) In short,

8  Plaintiffs argue that their "mistaken belief" about their ability to prosecute the case does

9  not amount to bad faith. (*Id.* at 16.)

10      In reply, Mr. Turner reasserts his theories of Plaintiffs' alleged bad faith. (*See*

11  Reply at 2-9.)

12                              **III.    ANALYSIS**

13  **A.    Dismissal Without Prejudice for Failure to Serve Within 90 Days**

14      Federal Rule of Civil Procedure 4 requires plaintiffs to serve defendants with a

15  summons and copy of the complaint and sets forth the specific requirements for doing so.

16  *See* Fed. R. Civ. P. 4.  Rule 4(m) provides the timeframe in which service must be

17  effected and states in relevant part:

18          If a defendant is not served within 90 days after the complaint is filed, the
            court—on motion or on its own after notice to the plaintiff—must dismiss
19          the action without prejudice against that defendant or order that service be
            made within a specified time.  But if the plaintiff shows good cause for the
20          failure, the court must extend the time for service for an appropriate period.

21  Fed. R. Civ. P. 4(m).  "[I]n the absence of proper service of process, the district court has

22  no power to render any judgment against the defendant's person or property unless the

ORDER- 6

1    defendant has consented to jurisdiction or waived lack of process." *SEC v. Ross*, 504

2    F.3d 1130, 1138-39 (9th Cir. 2007); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff &*

3    *Co.*, 484 U.S. 97, 104 (1987).

4         If the plaintiff does not timely serve a defendant, Rule 4(m) requires the court to

5    grant an extension of time for service if the plaintiff shows good cause.  Fed. R. Civ. P.

6    4(m); *see also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).  If the plaintiff

7    does not show good cause for failing to comply with Rule 4(m), the court must either

8    dismiss the complaint without prejudice or grant a specific extension of time for service.

9    Fed. R. Civ. P. 4(m); *see also Efaw*, 473 F.3d at 1040-41.  The court's discretion to

10   choose between dismissal without prejudice and an extension of time under Rule 4(m) is

11   broad.  *See Efaw*, 473 F.3d at 1041 (citing *Henderson v. United States*, 517 U.S. 654, 661

12   (1996)).  In exercising its discretion, the court may consider factors including the length

13   of delay in proper service, prejudice to a defendant, statute of limitations, actual notice of

14   the lawsuit, and eventual service.  *Id.*

15        Plaintiffs have shown neither timely and proper service nor good cause for failing

16   to effect such service.  (*See generally* Resp.)  Plaintiffs were required to serve the

17   summons and complaint on Defendants by May 31, 2016.[5]  *See* Fed. R. Civ. P. 4(m);

18   Fed. R. Civ. P. 6(a)(1).  That date passed without Plaintiffs serving the summons and

19   complaint on Defendants.  (*See* Resp. at 14 ("Defendants are correct that neither of them

20   was served within the time prescribed by the Rule.").)  Plaintiffs do not argue that good

21   

22        [5] The court calculates the date by which Plaintiffs were required the effect service on
     Defendants according to Federal Rule of Civil Procedure 6(a)(1).  *See* Fed. R. Civ. P. 6(a)(1).

1    cause justifies their failure to serve Defendants or object to an order of dismissal without

2    prejudice pursuant to Rule 4(m) because they admit that they did not serve Defendants

3    within the required period.  (*See* Resp. at 2 ("Plaintiffs do not object to dismissal without

4    prejudice because they did not serve Defendants within the 90-day period prescribed by

5    Rule 4(m).").)  Thus, the court must dismiss Plaintiffs' claims without prejudice or in its

6    discretion grant Plaintiffs an extension of time for service.  *See* Fed. R. Civ. P. 4(m);

7    *Efaw*, 473 F.3d at 1041.

8            The court declines to exercise its discretion to extend the time for Plaintiffs to

9    serve the summons and complaint.  The court finds that dismissal without prejudice is

10   appropriate because Plaintiffs have (1) failed to serve Defendants, even after the 90-day

11   deadline passed; (2) failed to take any action to pursue their claims aside from filing their

12   complaint; (3) not objected to dismissal of their case without prejudice; and (4)

13   represented that they cannot further prosecute this action at this time because they do not

14   have the funds to do so.  Accordingly, the court GRANTS Defendants' motions to

15   dismiss Plaintiffs' claims without prejudice.[6]

16   _____

17          [6] A party's counsel makes his or her appearance "by signing and filing a Notice of
     Appearance, complaint, amended complaint, answer, amended answer, Notice of Removal,
18   motion to intervene, or motion for joinder on behalf of the party the attorney represented."  Local
     Rules W.D. Wash. LCR 83.2(a).  Mr. Driscoll's counsel has not made such an appearance
19   because he has not filed a Notice of Appearance or any of the other filings listed in Local Civil
     Rule 83.2(a); he has filed only Mr. Driscoll's motion to dismiss.  (*See generally* Dkt.)  However,
20   to the extent that Mr. Driscoll's counsel's failure to enter his appearance pursuant to Local Civil
     Rule 83.2(a) affects the propriety of Mr. Driscoll's motion to dismiss, the court may nevertheless
21   independently dismiss Plaintiffs' claims against Mr. Driscoll for failure to serve within 90 days
     of filing.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the
22   complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the
     action without prejudice against that defendant . . . .").  For all of the reasons above and because

**B.      Imposition of Sanctions Pursuant to the Court's Inherent Power**

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  A court's "inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S 32, 44 (1991).  Pursuant to its inherent power, a court may sanction parties and attorneys that willfully disobey a court order, "act[] in bad faith, vexatiously, wantonly, or for oppressive reasons," or "willfully abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980).  As a general principle, imposing a sanction of dismissal with prejudice "is a harsh remedy." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008).

To exercise its inherent authority, a court "must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith." *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1244 (9th Cir. 2016) (internal quotations omitted) (quoting *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).  Bad faith for the purposes of imposing sanctions under a court's inherent authority may be found where a party delays or disrupts litigation, destroys evidence, commits a fraud on the court, or engages in other actions that "defile the very temple of justice." *Id.* (internal

---

Plaintiffs are on notice of their failure to timely serve Mr. Driscoll, the court may also on its own dismiss Plaintiffs' claims against Mr. Driscoll without prejudice. *Id.*

1    quotations and alterations omitted) (quoting *Chambers*, 501 U.S. at 46).   Recklessness

2    coupled with "something more—such as an improper purpose" may also be considered

3    bad faith for the purpose of issuing sanctions pursuant to a court's inherent power.   *Fink*,

4    239 F.3d at 993; *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir.

5    2002) (holding counsel's reckless and knowing conduct tantamount to bad faith).

6         The court finds that Plaintiffs have not acted in bad faith, recklessly, or with an

7    improper purpose.   Accordingly, in light of the court's duty to carefully exercise its

8    inherent powers, the court declines to impose the drastic sanctions Defendants seek.   *See*

9    *Hearns*, 530 F.3d at 1132 (noting drastic nature of sanction of dismissal with prejudice);

10   *Chambers*, 501 U.S. at 44 (noting courts must exercise inherent powers with restraint).

11        Mr. Turner's allegations about Plaintiffs' behavior in filing this case, apparently

12   adopted by Mr. Driscoll (*see* Driscoll Mot. at 3), are conclusory at best and do not

13   demonstrate that Plaintiffs have acted improperly.   Merely filing a complaint alleging

14   RICO violations for Defendants' part in the alleged misuse of Plaintiffs' donations to

15   MHC does not constitute bad-faith conduct, even if the allegations case Defendants in an

16   unfavorable light.   (*See* Turner Mot. at 9-10.)   In addition, Plaintiffs' complaint is not

17   frivolous on its face (*see generally* Compl.), and there is no evidence other than

18   Defendants' conclusory allegations that Plaintiffs filed this suit merely to harass and

19   disparage Defendants (*cf.* Turner Mot. at 4 (arguing that Plaintiffs' failure to serve "can

20   lead to only one conclusion. . . .   The Plaintiffs and their counsel sought to harass,

21   disparage, and defame Mr. Turner through the public act of filing a lawsuit")).

22   Furthermore, Plaintiffs refute this allegation, stating that they "never had a desire for

1   retribution nor to harass [Mr.] Turner or [Mr.] Driscoll." (Resp. at 6.) Plaintiffs also did

2   not act in bad faith by publicizing the case to garner support for their cause. Finally,

3   Plaintiffs' failure to raise the necessary funds to fully litigate their suit before filing it,

4   Plaintiffs' counsel's failure to respond to Mr. Turner's offer to accept service, and

5   Plaintiffs' failure to dismiss their claims of their own accord after the 90-day window for

6   service had passed are not so far outside the bounds of acceptable litigation conduct that

7   Plaintiffs should be sanctioned.

8          Simply put, Plaintiffs have done nothing to "defile the very temple of justice."

9   *Haeger*, 813 F.3d at 1244 (internal quotations and alterations omitted) (quoting

10  *Chambers*, 501 U.S. at 46). Plaintiffs have not committed any acts that indicate bad faith,

11  recklessness, or an improper purpose. They have not misled the court or Defendants;

12  destroyed evidence; disobeyed a court order; willfully abused the judicial process;

13  delayed or disrupted the litigation, save for a slight delay by failing to serve Defendants

14  within 90 days of filing suit; or engaged in any other egregious conduct. *See id.* (stating

15  standard for imposing sanctions pursuant to the court's inherent power); *Roadway*

16  *Express*, 447 U.S. at 766 (same). The court therefore DENIES Defendants' motions to

17  sanction Plaintiffs and their counsel by dismissing the case with prejudice or by assessing

18  attorneys' fees in connection with Mr. Turner's motion to dismiss.

19  //

20  //

21  //

22  //

ORDER- 11

1

### IV.    CONCLUSION

2        Based on the foregoing analysis, the court GRANTS in part and DENIES in part

3   Defendants' motions to dismiss (Dkt. ## 4, 7).  The court DISMISSES Plaintiffs' claims

4   without prejudice.

5        Dated this 25th day of August, 2016.

6

7

8

9                                          JAMES L. ROBART
                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 12